UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| KRISTINA KALPAXIS, | 15 Civ. |
| Plaintiff, | **COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| REEBOK INTERNATIONAL LTD., | |
| Defendant. | |

-------------------------------------------------------------------x

Plaintiff by her attorneys, Law Offices of Denise Mortner Kranz & Associates, and Jaroslawicz & Jaros PLLC, complaining of the defendants, upon information and belief, allege as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff is a citizen of the State of New York.

2. At all times hereinafter mentioned, defendant is incorporated in the State of Massachusetts.

3. At all times hereinafter mentioned, defendant is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Massachusetts, with its principal place of business in the State of Massachusetts.

4. At all times hereinafter mentioned, defendant is authorized to do business, and doing business, in the State of New York.

5. At all times hereinafter mentioned, defendant owned a store located at One Union Square West, New York, New York.

6. At all times hereinafter mentioned, defendant operated the aforementioned store.

7. At all times hereinafter mentioned, defendant maintained the aforementioned store.

## JURISDICTION AND VENUE

8. That the amount in controversy exceeds the sum of $100,000, exclusive of interest and costs.

9. That this Court has jurisdiction over the parties by reason of diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. 1332.

10. Venue is properly placed in the United States District Court for the Southern District of New York since occurrence took place herein, the defendant does business here, the witnesses are located here, and this is the most convenient place for the trial of this action.

## THE UNDERLYING FACTS

11. On or about September 16, 2015 plaintiff was lawfully a patron in the aforementioned store which sells, among other things, clothing.

12. Plaintiff was in the dressing room of the store.

13. In the dressing room there was a bench.

14. Due to the defendant's recklessness, carelessness, and negligence, when plaintiff leaned on the bench, it collapsed and fell on her left hand and right foot, as a result of which she suffered severe and permanent personal injuries

### AS AND FOR A FIRST CLAIM FOR RELIEF

15. Defendant, by its agents, servants, and/or employees, was reckless, careless and negligent in failing to have a proper and safe bench in the dressing room; in failing to inspect the bench; in failing to have a properly constructed bench to be used by various patrons; in failing to inspect and repair the bench on a regular basis; in creating a trap, hazard and nuisance; in failing to warn of any danger; in having a bench that was not fit for the purpose intended; in violating applicable laws, rules and regulations; plaintiff may rely upon *res ipsa loquitur*; and defendant was otherwise reckless, careless and negligent.

16. As a result of defendant's negligence plaintiff was caused to suffer severe and permanent personal injuries to her left hand, right foot and other parts of the body; fracture of the left index and middle fingers, believed to be evulsion fracture; fracture of the right foot; plaintiff was placed in a CAM boot; extreme pain and suffering; mental anguish and distress; required hospital and medical care and attention and will require such care and attention in the future; unable to attend to her usual duties and vocation; will require physical therapy; osteoarthritic changes are anticipated; cosmetic deformity; unable to engage in various sports activities; daily living has been interfered with; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

17. By reason of the foregoing, plaintiff is entitled to recover all of her damages from the defendant.

WHEREFORE, plaintiff demands judgment against the defendant for all damages properly recoverable in an action of this nature, all together with the costs and disbursements of this action.

**JAROSLAWICZ & JAROS PLLC**
Co-Counsel for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
David Jaroslawicz

**LAW OFFICES OF**
**DENISE MORTNER KRANZ & ASSOCIATES**
Attorney for Plaintiff
570 Lexington Avenue, 16th Floor
New York, New York 10022
(212) 697-5520